# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

---

SARAH S. BROWN, *Executrix, versus* JOHN HOLYOKE.

By R. S., c. 90, § 1, a deed appearing on its face to be absolute, with a separate instrument of defeasance executed at the same time, or *as part of the same transaction,* constitutes a mortgage.

Parol evidence is admissible to prove that a bond and deed of different dates were delivered at the same time and as part of the same transaction.

Where the grantee in a deed, absolute in its terms, dated *March* 31, 1858, gave to the grantor a bond, dated *April* 1, 1858, stipulating therein to convey to the obligee, on certain conditions, a tract of land in Brewer, " containing eight and *eighty-six one-hundredths* acres, being a portion of lot No. 4, in the first division; being the same premises *this day* conveyed to said" obligor by said obligee; and the *general* description of the land in the deed is the same, except the fractional part of the acre, which is therein described as being " *sixty-eight* one-hundredths ;" — *Held,*

1. That the clerical error in the fractional part of the acre is corrected by the boundaries;

2. That there can be no reasonable doubt but that the deed and bond refer to the same land; and,

3. In such case, there can be no need of compelling the parties to resort equity to reform the error.

ON REPORT from *Nisi Prius*, APPLETON, C.

WRIT OF ENTRY.

The plaintiff put in a deed from one J. W. Jordan to the plaintiff's intestate, covering the premises mentioned in the writ, dated March 31, 1858.

The defendant put in a levy duly made upon said premises since said deed was given and before this suit was commenced, as the property of said Jordan.

The defendant also put in a bond, produced by said Jordan, signed by the plaintiff's intestate, Barzillia Brown, dated April 1, 1858.

The deed contained a description of the land by metes and bounds, concluding with a general description as follows:—"containing eight and *sixty-eight* one-hundredths acres of land in lot No. 4, in first division of lots east of Kenduskeag road in Brewer."

The bond contained no description by metes and bounds, but described the premises as follows:—" a certain tract of land situate in Brewer, containing eight and *eighty-six* one-hundredths acres, being a portion of lot No. 4, in the first division of lots on the east side of the Kenduskeag road, being the same premises *this day* conveyed to said Brown by said Jordan."

*J. W. Jordan,* called by the defendant, testified, against the plaintiff's objection, as follows:—That the deed and bond were delivered at the same time ; that the arrangements were, to give the deed and take the bond back, and they were both written accordingly, and, in the first place, of the same date ; that, at the time the papers were delivered, Brown took the bond and altered its date from 31st March, 1858, to 1st April, 1858, the said Jordan protesting against the alteration and Brown insisting upon it, so as not to make a mortgage of the transaction, and, in the altered shape, delivered it to Jordan, who took it.

Defendant, claiming that he can show that the conditions of said bond were fully paid and satisfied before the commencement of this suit, and plaintiff claiming, that, even in that event, the defendant would have neither a total or partial defence to the suit, the case is reported upon the foregoing, by the consent of parties, for the full Court to decide whether said action shall stand for trial or be defaulted.

*Rowe*, for the plaintiff, cited the following authorities as to the admissibility of Jordan's testimony. *Freeport* v. *Bartol*, 3 Greenl., 340 ; *Lincoln* v. *Avery*, 10 Maine, 418 ; *Whitney* v. *Slayton*, 40 Maine, 228.

*J. A. Peters,* for the defendant.

APPLETON, C. J. — A mortgage, in equity, is any conveyance of lands intended by the parties, at the time of making it, to be security for the payment of a debt or the performance of a contract. It is enough, then, that the conveyance is intended for security.

By R. S., 1857, c. 90, § 1, when the deed is absolute on its face, with a separate instrument of defeasance executed at the same time, or, as part of *the same* transaction, they constitute a mortgage. It has been held, though the bond of defeasance and deed have different dates, if delivered together, they constitute a mortgage.

Bonds and deeds take effect from their delivery. Parol evidence is admissible to show when the delivery is made. So, it must necessarily be received to prove that a bond and deed are delivered at the same time and as part of the same transaction.

The deed from Jordan to Brown describes the boundaries and position as well as quantity of the land conveyed. The bond back omits the specific boundaries, but describes the land as "situate in Brewer, containing eight and eighty-six one-hundredths acres, being a portion of lot No. 4, in the first division of lots on the east side of Kenduskeag road, so called, *being the same premises this day conveyed* to said Brown by said Jordan."

It is true there is a clerical error in describing the fractional part of the acre, by transposing the figures in the numerator, but that error is corrected by reference to the deed from Jordan to Brown, in which the boundaries of the land are particularly described. The bond and deed were delivered at the same time and as part of the same transaction. The bond refers to the deed and adopts the

boundaries therein set forth and makes them a part thereof. *Pierce* v. *Faunce*, 37 Maine, 63 ; *Field* v. *Houston*, 21 Maine, 69. The boundaries of a deed must govern and control the quantity. There can be no reasonable doubt that the deed and the bond refer to the same land. In such case, there can be no need of compelling the parties to resort to equity to reform the error in the bond. By comparing the deed and bond, this error is corrected by the boundaries, to which the mere quantity must yield.

Here was a debt to be secured, and that is the essence of a mortgage. The deed and bond refer to the same land, were delivered at the same time and as part of the same transaction, and, together, constitute a mortgage.

By the agreement of parties, the case is to stand for trial.

CUTTING, DAVIS, KENT and BARROWS, JJ., concurred.